## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**ERIC KUHN,**

    **Plaintiff,**

**Case No. 10-11191**

**v.**

**HONORABLE DENISE PAGE HOOD**

**COUNTY OF WASHTENAW, et al.,**

    **Defendants.**

_____/

## ORDER DENYING MOTION TO REDACT OF MOTION HEARING TRANSCRIPT
### and
## ORDER MOOTING MOTION TO DISMISS

On January 13, 2012, Defendants filed a Motion to Redact a Hearing Transcript. Defendants argue that the designated portions of the transcript are confidential pursuant to the terms of a Protective Order entered into by the parties.

The Sixth Circuit has stated that there is a "strong common law presumption in favor of public access to court proceedings and records." *Brown & Williamson Tobacco Corp. v. F.T.C.,* 710 F.2d 1165, 1179 (6th Cir.1983) (finding that the "confidentiality agreement between the parties does not bind the court in any way," stating that the "public has a strong interest in obtaining the information contained in the court record," and vacating district court's order to seal.). *See, Richmond Newspapers, Inc. v. Virginia,* 448 U.S. 555, 580 n. 17 (1980) (Civil and criminal trials have been presumptively open.). "Only the most compelling reasons can justify non-disclosure of judicial records." *In re Knoxville News-Sentinel Co., Inc.,* 723 F.2d 470, 476 (6th Cir.1983).

In the matter before the Court, a hearing was held on a summary judgment motion on October 19, 2011 where purported confidential information was discussed on the record, specifically

the names of other employees identified by Plaintiff as comparables. Defendants cite Fed. R. Civ. P. 26(c) and the Court's discretion to seal records. Rule 26(c) is inapplicable since it only governs protective orders during discovery, not to matters raised on the record at a hearing open to the public.

"Each session of the court and every other proceeding designated by rule or order of the court or by one of the judges shall be recorded verbatim ..." 28 U.S.C. 753(b). The Procedures Governing the Electronic Availability and Redaction of Transcripts govern redaction of transcripts. Requests for redaction of transcripts only apply to personal data identifiers, such as social security and financial account numbers. (See, Electronic Filing Policies and Procedures, E.D. Mich., Ex. F, Procedures Governing the Electronic Availability and Redaction of Transcripts, B.4.) The procedures are based on the revised federal rules, Fed. R. Civ. P. 5.2 governing privacy protection for filings made with the court, pursuant to the E-Government Act of 2002. Although a party may file a motion to seek further redaction, such a request must comply with the public's right to access court proceedings. Defendants have not cited any statute, rules or case law which supports their request to redact the information already on the public record which does not involve personal identifiers, such as social security numbers.

A review of the October 19, 2011 hearing transcript shows that at no point did the parties request that certain purported confidential information not be placed on the record. The names sought to be redacted appear to be names which Plaintiff identified as comparables relating to his employment discrimination claim, which are material to the merits of this lawsuit. It is noted that the Court's Order regarding the summary judgment motion, a public record, identifies various comparables named by Plaintiff. Defendants have not cited any law which overcomes the

presumption that hearings before the Court are open to the public.

Accordingly,

IT IS ORDERED that Defendants' Motion to Redact Hearing Transcript **(Doc. No. 111)** is DENIED.

IT IS FURTHER ORDERED that the Motion to Dismiss and for Summary Judgment **(Doc. 33)** is MOOT given that this motion was refiled by Defendants (see Doc. No. 34) and the Court has ruled on the motion (see Doc. No. 105).

                                    S/Denise Page Hood
                                    Denise Page Hood
                                    United States District Judge

Dated: April 11, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 11, 2013, by electronic and/or ordinary mail.

                                    S/LaShawn R. Saulsberry
                                    Case Manager